# EXHIBIT A

Electronically Filed - Jackson - Kansas City - April 27, 2017 - 03:15 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY MISSOURI

| | |
|---|---|
| **CARLA RAWLINGS,**<br>Individually And On Behalf Of<br>All Others,<br><br>      Plaintiffs,<br><br>vs.<br><br>**AEROCARE HOLDINGS, INC.**<br>Registered Agent:<br>Joseph P. Russell<br>3325 Bartlett Blvd.<br>Orlando, FL 32811<br><br>      Defendant. | Case No.:<br><br>**JURY TRIAL DEMANDED** |

### COMPLAINT

**COMES NOW** the Plaintiff, Carla Rawlings, by and through her attorneys, and on behalf of herself, the Putative Classes set forth below, and in the public interest, brings the following class action Petition against Defendant, Aerocare Holdings, Inc., ("Defendant"), pursuant to the Fair Credit Reporting Act ("FCRA").

### PRELIMINARY STATEMENTS

1.  Plaintiff brings this action against Defendant for violations of the FCRA.

2.  Defendant obtained information concerning the Plaintiff from a third party.

3.  Defendant paid a fee to the third party for the information it obtained concerning the Plaintiff.

4.  The information obtained from the third party concerning the Plaintiff was a consumer report (as a consumer report is defined pursuant to the FCRA).

5.  Defendant relies on information in consumer reports to make decisions regarding prospective or current employees.

6.  Defendant relies on information in a consumer report, in whole or in part, as a

basis for adverse employment action; such as a refusal to hire and/or termination.

7.     Plaintiff asserts FCRA claims against Defendant on behalf of herself and a class of Defendant's employees and prospective employees whose rights under the FCRA were violated.

8.     On behalf of herself and all class members, Plaintiff seeks statutory damages, punitive damages, costs and attorneys fees, and all other relief available pursuant to the FCRA.

## PARTIES

9.     Plaintiff Rawlings is a resident of Kansas City, Missouri.    Plaintiff is a member of the Putative Classes defined below.

10.     Defendant is a foreign company doing business in Missouri and throughout the United States.

## JURISDICTION AND VENUE

11.     This court has jurisdiction over Plaintiff's FCRA claim pursuant to 15 U.S.C. § 1681p and Article V, Section 14(a) of the Constitution of Missouri.

12.     Venue is proper in this Court pursuant to R.S.Mo. 508.010.2(4).

## FACTUAL ALLEGATIONS

13.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

14.     Plaintiff applied for employment online with Defendant on or about April 9, 2017.

15.     Plaintiff received an email the following day to schedule an interview with Defendant.

16.     Plaintiff interviewed with the Defendant on or about April 12, 2017.

17.     Plaintiff was told that she was hired, what her salary was going to be, and was

told that Defendant would do a background check.

18. On or about April 14, 2017, Plaintiff received an email from Defendant telling her she would not be hired for the position due to her consumer report.

19. Plaintiff received a copy of the consumer report the day after she received the email stating she would not be hired.

20. Denying the Plaintiff a job because of her consumer report is an adverse action (as an adverse action is defined pursuant to the FCRA).

21. Plaintiff was not provided with a reasonable amount of time to challenge any inaccuracy that may have been present within the consumer report.

22. Plaintiff was not provided with an FCRA summary of rights prior to the adverse action that was based upon his consumer report.

23. Plaintiff was not give a full copy of her consumer report prior to the adverse action.

24. On information and belief, Defendant contracted with the third party that provided the consumer report that it would provide a copy of the consumer report and a copy of the FCRA Summary of Rights before any adverse action was taken based in whole or in part on information contained within a consumer report.

25. The agreements made between the Defendant and the consumer reporting agency providing the consumer report require the Defendant to abide by the protections provided by 15 U.S.C. §1681b(b)(2) and b(b)(3).

26. Defendant is aware of the FCRA.

27. Defendant has knowledge that it must comply with the FCRA.

28. Despite having knowledge of the requirements of the FCRA, Defendant failed to

comply with the FCRA.

29. Defendant's failure to provide the Plaintiff with a copy of the consumer report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, or a written description of rights under the FCRA prior to the adverse action, constitutes multiple violations of the FCRA.

30. Defendant's violations of the FCRA combined with its knowledge of the requirements of the FCRA is evidence that the Defendant's violations were willful.

31. The manner in which the Defendant obtained a consumer report on the Plaintiff is consistent with its policies and procedures governing the procurement of consumer reports on individuals for employment purposes.

## CLASS ACTION ALLEGATIONS

32. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

33. Plaintiff asserts the following adverse action class defined as:

**Proposed Adverse Action Class:** All employees or prospective employees of Defendant that suffered an adverse employment action on or after April 27, 2015, that was based, in whole or in part, on information contained in a consumer report, and who were not provided a copy of such report, a reasonable notice period in which to challenge any inaccuracy in the consumer report, and/or a written description of their rights in accordance with the FCRA in advance of said adverse employment action.

### Numerosity

34. The proposed class is so numerous that joinder of all class members is impracticable. Defendant regularly obtains and uses information in consumer reports to evaluate individuals for employment purposes. Defendant relies on the information contained it said consumer reports, in whole or in part, as a basis

for adverse employment action. Given the number of employees working for the Defendant, Plaintiffs believe that during the relevant time period, a sufficient number of Defendant's employees and prospective employees would fall within the definition of the class.

### Common Questions of Law and Fact

35. Virtually all of the issues of law and fact in this class action or, to the class predominate over any questions affecting individual class members. Among the questions of law and fact common to the class are:

  a. Whether Defendant uses consumer report information to evaluate individuals for employment purposes;

  b. Whether Defendant violated the FCRA by taking adverse action against Plaintiff and other members of the Adverse Action class on the basis of information in a consumer report, without first providing a copy of the report to the affected individuals;

  c. Whether the Defendant violated the FCRA by failing to provide the Plaintiff and other members of the Adverse Action Class with a reasonable amount of time to cure any inaccuracy within the consumer report prior to the adverse employment action;

  d. Whether Defendant's violations of the FCRA were willful;

  e. The proper measure of statutory damages and punitive damages.

### Typicality

36. Plaintiff's claims are typical of the members of the proposed class. The FCRA violations suffered by Plaintiff are typical of those suffered by other class members. Defendant typically uses consumer reports to take adverse actions but fails to provide the consumer a copy of the report before taking an adverse employment action based on information contained in said report. The FCRA violations suffered by Plaintiff are typical of those suffered by other class

members and the Defendant treated Plaintiff consistent with other Putative Class members in accordance with its standard policies and practices.

### Adequacy of Representation

37.    Plaintiff, as representative of the class, will fairly and adequately protect the interests of the class and has no interest that conflict with or are antagonistic to the interest of the class members. Plaintiff has retained attorneys competent and experienced in class action litigation. No conflict exists between Plaintiff and members of the class.

### Superiority

38.    A class action is superior to any other available method for the fair and efficient adjudication this controversy, and common questions of law and fact overwhelmingly predominate over individual questions that may arise.

39.    This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because prosecution of actions by or against individual members of the putative class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendant. Further, adjudication of each individual class member's claim as a separate action will potentially be dispositive of the interest of other individuals not a party to such action, impeding their ability to protect their interests.

40.    This case is maintainable as a class action under Rule 52 of the Missouri Rules of Civil Procedure because Defendant has acted or refused to act on grounds that apply generally to the class, so that any final relief is appropriate respecting the class as a whole.

Electronically Filed - Jackson - Kansas City - April 27, 2017 - 03:15 PM

41.     Class certification is also appropriate under Rule 52 of the Missouri Rules of Civil Procedure because questions of law and fact common to the putative class predominate over any questions affecting only individual members of the putative class, and because a class action superior to other methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the Putative Class do not have an interest in pursuing separate actions against the Defendant, as the amount of each class member's individual claims is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result the inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiencies, it would be desirable to concentrate the litigation of all putative class members' claims in a single forum.

42.     Plaintiff intends to send notice to all members of the putative class to the extent required by Rule 52 of the Missouri Rules of Civil Procedure. The names and address of the potential class members are available from Defendant's records.

### FCRA VIOLATIONS

43.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

44.     Defendant obtained a "consumer report," as defined by the FCRA, concerning the Plaintiff.

45.     Defendant used a consumer report, as defined by the FCRA, to take adverse

employment action against Plaintiff, and on information and belief, other members of the adverse action class.

46. Defendant violated the FCRA by failing to provide Plaintiff, and other adverse action class members, with a copy of the consumer report that was used to take adverse employment action against them prior to the adverse action.

47. Defendant violated the FCRA by failing to provide the Plaintiff and other adverse action class members with a reasonable time to cure any inaccuracies within the consumer reports prior to the adverse action.

48. Had Defendant complied with the FCRA, Plaintiff would have been given a copy of the Summary of Rights.

49. Had Defendant complied with the FCRA, Plaintiff would have been given more time to review, dispute and/or address the information contained in the consumer report.

50. Plaintiff was not provided with a reasonable amount of time to challenge any inaccuracy that may have been present within the consumer report before the termination.

51. Plaintiff was not provided with a FCRA Summary of Rights prior to the adverse action that was based in whole or in part upon the consumer report.

52. The Defendant's failure to provide the Plaintiff a copy of the consumer report or the FCRA Summary of Rights denied the Plaintiff a meaningful opportunity to address the information contained within the consumer report.

53. A copy of the Summary of Rights before termination would have helped the Plaintiff understand what her rights were and would have provided valuable

54. Defendant's failure to provide the Plaintiff with a copy of the FCRA Summary of Rights caused an information injury.

55. The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and rights of Plaintiff and other adverse action class members under the provisions of the FCRA. Defendant's willful conduct is reflected by, among other things, the following facts:

    a. Defendant has access to legal advice;

    b. Defendant committed multiple violations of the FCRA by not providing the Plaintiff with a copy of the consumer report, and not providing the Plaintiff with a reasonable notice period to cure inaccuracies before taking adverse employment action as mandated by the FCRA;

    c. The Defendant has ignored regulatory guidance from FTC Informal Staff Opinions and the unambiguous language of the FCRA; and

    d. 15 U.S.C. §1681-1681y, requires credit agencies to provide notice to users of consumer reports of the users legal obligations under the FCRA prior to the procurement of consumer reports.

56. Plaintiff and the proposed class members are entitled to statutory damages of not less than $100 and not more than $1000 for each and every one of these violations, pursuant to 15 U.S.C. §1681n(a)(1)(A).

57. Plaintiff and the proposed class members are also entitled to punitive damages for these violations, pursuant to 15 U.S.C. §1681n(a)(2).

58. Plaintiff and the proposed class members are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. §1681n(a)(3).

**WHEREFORE,** the Plaintiff respectfully requests that this Court issue an Order for the following:

a. An Order that this action may proceed as a class action under Rule 52 of the Missouri Rules of Civil Procedure;

b. Order designating Plaintiff as class representative and designating Plaintiff's counsel as counsel for the Putative Class;

c. Order directing proper notice to be mailed to the Putative Classes at Defendant's expense;

d. Order finding that Defendant committed multiple, separate violations of the FCRA;

e. Order finding that Defendant acted willfully in deliberate or reckless disregard of Plaintiff's rights and its obligations of the FCRA;

f. Order awarding statutory damages and punitive damages as provided the FCRA;

g. Order awarding reasonable attorneys' fees and costs as provided by the FCRA; and

h. Order granting other and further relief, in law or equity, as this Court may deem appropriate and just.

## Demand for Jury Trial

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which Plaintiff and all members of the proposed class have a right to jury trial.

By: /s/ C. Jason Brown
Charles Jason Brown MO 49952
Jayson A. Watkins MO 61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337

brown@brownandwatkins.com
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

Electronically Filed - Jackson - Kansas City - April 27, 2017 - 03:15 PM

## IN THE CIRCUIT COURT OF JACKSON COUNTY
## AT KANSAS CITY, MISSOURI

| | | |
|---|---|---|
| CARLA RAWLINGS, | ) | |
| Plaintiff, | ) | |
| VS. | ) | Case No.: |
| | ) | |
| AEROCARE HOLDINGS, INC. | ) | |
| Defendant. | ) | |

### MOTION FOR APPOINTMENT OF PRIVATE PROCESS SERVER

COMES NOW Plaintiff, by and through counsel, and pursuant to Local Rule 4.9 of Jackson County

Court Rules, hereby moves for the appointment of HPS Process Service & Investigations, Inc.:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Jan E. Adams | PPS17-0281 | Sinai Gonzalez | PPS17-0311 | Jaron Perkins | PPS17-0079 |
| Michelle L. Adams | PPS17-0282 | Deshun Goldsmith | PPS17-0448 | George Perry | PPS17-0467 |
| Roger E. Adams | PPS17-0283 | Ian Green | PPS17-0449 | Kacie Phelps | PPS17-0415 |
| John T. Adkins | PPS17-0001 | Jason F. Grob | PPS17-0312 | Gregory Piazza | PPS17-0081 |
| Norman E. Allen, III | PPS17-0158 | Ambiko Guice | PPS17-0313 | Vincent A. Piazza | PPS17-0331 |
| Victor R. Aponte | PPS17-0002 | Aloysius C. Guy, Sr. | PPS17-0221 | Timothy S. Pinney | PPS17-0416 |
| Joshua Aragon | PPS17-0285 | David Hahn | PPS17-0486 | Craig J. Podgurshi, Jr. | PPS17-0417 |
| William E. Armstrong | PPS17-0003 | Eric Hahn | PPS17-0224 | Nancy A. Porter | PPS17-0083 |
| Erica Austin | PPS17-0286 | Darnell Hamilton | PPS17-0039 | Andre S. Powell | PPS17-0418 |
| Joseph L. Baska | PPS17-0005 | Alan K. Hancock | PPS17-0040 | Robert J. Proffitt | PPS17-0333 |
| Robert Bassler | PPS17-0482 | Aaron E. Hart | PPS17-0041 | Scott E. Pryor | PPS17-0084 |
| Jason A. Beulke | PPS17-0170 | Larry Haynes | PPS17-0043 | Charles J. Reardon | PPS17-0419 |
| Charles R. Black | PPS17-0171 | Grace M. Hazell | PPS17-0044 | Melinda Rectanus | PPS17-0420 |
| Dianna J. Blea | PPS17-0007 | Charles Helms | PPS17-0314 | Derek L. Reddick | PPS17-0086 |
| Richard J. Blea | PPS17-0008 | Austen Hendrickson | PPS17-0045 | Angela M. Reed | PPS17-0087 |
| Robert A. Blixt | PPS17-0009 | James M. Hise | PPS17-0181 | Christopher J. Reed | PPS17-0088 |
| Joshua Boehm | PPS17-0173 | Gary F. Hodges | PPS17-0260 | Betty G. Rice | PPS17-0421 |
| Ann Bollino | PPS17-0175 | Leonard Horseman | PPS17-0270 | Karen L. Rice | PPS17-0422 |
| Donnie C. Briley | PPS17-0010 | Christopher T. Horton | PPS17-0046 | David M. Roberts | PPS17-0154 |
| Dan Brouillette | PPS17-0292 | Martin J. Hueckel | PPS17-0489 | Patricia J. Roberts | PPS17-0155 |
| Kenneth H. Brown, Jr. | PPS17-0011 | William Humble | PPS17-0048 | Sammie J. Robinson | PPS17-0208 |
| H. Ray Bryant | PPS17-0168 | Mary Hurley | PPS17-0049 | Antonio Roque | PPS17-0424 |
| Leslie A. Bryant | PPS17-0180 | Cameron Jarah | PPS17-0351 | Kelly Ross | PPS17-0092 |
| Frank Bursa | PPS17-0012 | Betty A. Johnson | PPS17-0050 | Richard C. Ross | PPS17-0093 |
| Maurice Burton, Sr. | PPS17-0013 | James D. Johnson | PPS17-0051 | Melissa A. Ruiz | PPS17-0094 |
| William J. Caputo | PPS17-0014 | Mike Johnson | PPS17-0391 | Edna Russell | PPS17-0211 |
| Thomas C. Carter | PPS17-0015 | Calvin Jones | PPS17-0319 | Lee H. Russell | PPS17-0095 |
| Charles Casey | PPS17-0016 | Louis Jones | PPS17-0458 | Lee H. Russell, Jr. | PPS17-0096 |
| George L. Castillo | PPS17-0017 | Samuel Jones, Jr. | PPS17-0052 | Lisa Saturday | PPS17-0335 |
| Sheila Cherry | PPS17-0182 | Donna J. King | PPS17-0053 | Ben Schollnick | PPS17-0336 |
| Trenia Cherry | PPS17-0191 | Cynthia K. Kinnamon | PPS17-0396 | Nathaniel Scott | PPS17-0097 |
| John A. Clor | PPS17-0018 | Edmund R. Knowles | PPS17-0055 | Mark O. Shiver | PPS17-0337 |
| Kenneth V. Condrey | PPS17-0192 | Wyman T. Kroft | PPS17-0397 | Ronald H. Slingerland | PPS17-0098 |
| Sharon R. Condrey | PPS17-0193 | Kelly Land | PPS17-0397 | Jeremy S. Small | PPS17-0099 |
| William R. Cooper | PPS17-0019 | JoAnn Lane | PPS17-0058 | Monica Smith | PPS17-0100 |
| Monty R. Crabb | PPS17-0021 | Rick Leeds | PPS17-0059 | Bart A. Snow | PPS17-0101 |
| Karen A. Crohan | PPS17-0022 | John Lichtenegger | PPS17-0060 | Anthony Spada | PPS17-0339 |

| | | | | |
|---|---|---|---|---|
| Laura Crum | PPS17-0298 | Bert Lott | PPS17-0321 | Melissa Spencer | PPS17-0102 |
| Dennis Dahlberg | PPS17-0023 | Daniel Maglothin | PPS17-0188 | Charles Steffens | PPS17-0340 |
| Mary Dahlberg | PPS17-0024 | J. Matthews Manlich | PPS17-0402 | Randy Stone | PPS17-0159 |
| Gerald R. Deadwyler | PPS17-0300 | Robert A. Manning | PPS17-0061 | Steven A. Stosur | PPS17-0104 |
| Robert DeLacy, Jr. | PPS17-0025 | David Martin | PPS17-0323 | Andrea L. Sweet | PPS17-0106 |
| Robert E. DeLacy, III | PPS17-0026 | Aaron Martinez | PPS17-0404 | Michael D. Talone | PPS17-0498 |
| Dominic DellaPorte | PPS17-0302 | Rick McClain | PPS17-0062 | Perry Thomas | PPS17-0108 |
| Richard Delpratt | PPS17-0303 | Michael J. McMahon | PPS17-0065 | Walt Thomas | PPS17-0499 |
| Kathleen DiNunno | PPS17-0027 | Michael Meade | PPS17-0405 | Vanessa Thompson | PPS17-0109 |
| John Dippenworth | PPS17-0201 | Pamela Meadows | PPS17-0066 | Gary L. Thornton | PPS17-0110 |
| Claudia Dohn | PPS17-0028 | Jerry Melber | PPS17-0067 | Christina Tiffany | PPS17-0429 |
| Joshua Douglas | PPS17-0304 | James O. Miller, Jr. | PPS17-0068 | Ryan Tith | PPS17-0501 |
| Terrace J. Drew | PPS17-0029 | Mark Minga | PPS17-0462 | Gabe Tranum | PPS17-0473 |
| Roland Duff | PPS17-0441 | James Mitchell | PPS17-0069 | John Verstat | PPS17-0111 |
| William W. Edwards | PPS17-0030 | Christopher Miranda | PPS17-0463 | Robert E. Vick, II | PPS17-0112 |
| Abel Emiru | PPS17-0357 | Karina Miranda | PPS17-0464 | Bradley S. Votaw | PPS17-0113 |
| Donald C. Eskra, Jr. | PPS17-0235 | Gillian P. Moberg | PPS17-0411 | Beth M. Wachowski | PPS17-0114 |
| Michael D. Fahnestock | PPS17-0031 | Linda J. Moran | PPS17-0326 | Joseph T. Wachowski | PPS17-0115 |
| Robert D. Fairbanks | PPS17-0032 | Donnie Moreland | PPS17-0412 | Daniel R. Ward | PPS17-0342 |
| David S. Felter | PPS17-0307 | Michael S. Morrison | PPS17-0070 | Kendall Washington | PPS17-0477 |
| Kathleen Felter | PPS17-0308 | Andrew Myers | PPS17-0194 | Eric N. West | PPS17-0117 |
| Erin Fiato | PPS17-0444 | Fred M. Myers | PPS17-0195 | Jonathan Westmoland | PPS17-0118 |
| Stephen H. Folcher | PPS17-0202 | James G. Myers | PPS17-0196 | Alana Willis | PPS17-0431 |
| D.W. Forbes | PPS17-0309 | Stephanie Myers | PPS17-0197 | Deborah A. Wilson | PPS17-0119 |
| Tanya S. Forbes | PPS17-0033 | Wendy Neff | PPS17-0413 | Mitchell A. Wirth | PPS17-0120 |
| Travis Foster | PPS17-0204 | Michael Noble | PPS17-0074 | Ann Wixom | PPS17-0121 |
| Michael M. Gamboa | PPS17-0217 | Trinity N. Olson | PPS17-0075 | Debra Woodhouse | PPS17-0279 |
| Richard Gerber | PPS17-0034 | Jessie Ortiz | PPS17-0328 | Jerry Wooten | PPS17-0122 |
| Paul Gizel | PPS17-0035 | Otis Osborne | PPS17-0329 | Manuel Ybarra | PPS17-0123 |
| Steven D. Glenn | PPS17-0310 | Craig Palmer | PPS17-0076 | C. Fe Young | PPS17-0432 |
| Ronda Goddard | PPS17-0036 | Jeffrey J. Palmer | PPS17-0077 | Ed Young | PPS17-0348 |
| Adam P. Golden | PPS17-0037 | Megan M. Patrick | PPS17-0078 | Sarah Zirakian | PPS17-0433 |
| | | Antonio Perez | PPS17-0414 | Lisa Zychowski | PPS17-0124 |

as private process servers in the above-captioned matter. In support of said motion, Plaintiff states that the

above-named individuals are on the Court's list of approved process servers and the information contained

in their applications and affidavits on file is current and still correct.

Respectfully submitted,

By: /s/ C. Jason Brown
C. Jason Brown MO #49952
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
brown@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

Electronically Filed - Jackson - Kansas City - April 27, 2017 - 03:15 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY
AT KANSAS CITY, MISSOURI

CARLA RAWLINGS,                          )
      Plaintiff,                        )
VS.                                      )          Case No.:
                                         )
AEROCARE HOLDINGS, INC.                  )          Division No.:
      Defendant.                        )

## ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is

sustained and the above named individuals are hereby appointed to serve process in the above captioned

matter.

DATE: _____          _____

                                                      Judge or Circuit Clerk

Electronically Filed - Jackson - Kansas City - April 27, 2017 - 03:17 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY MISSOURI

| | |
|---|---|
| **CARLA RAWLINGS,** | ) |
| Individually And On Behalf Of | ) |
| All Others, | ) |
| | ) |
| Plaintiffs, | ) |
| | )    Case No.: |
| vs. | ) |
| | ) |
| **AEROCARE HOLDINGS, INC.** | ) |
| Defendant. | ) |

## ENTRY OF APPEARANCE

**COMES NOW** Jayson Watkins and hereby enters his appearance as counsel of record for Plaintiff and those similarly situated in the above captioned matter.

Respectfully submitted,

By: /s/ Jayson A. Watkins
Jayson A. Watkins MO #61434
Brown & Watkins LLC
301 S. US 169 Hwy
Gower Missouri 64454
Tel: 816-505-4529
Fax: 816-424-1337
watkins@brownandwatkins.com
ATTORNEY FOR PLAINTIFF

# IN THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI
## AT KANSAS CITY

**CARLA RAWLINGS,**

          **PLAINTIFF(S),**          **CASE NO. 1716-CV09630**

**VS.**                                    **DIVISION 8**

**AEROCARE HOLDINGS, INC.,**

          **DEFENDANT(S).**

## NOTICE OF CASE MANAGEMENT CONFERENCE FOR CIVIL CASE AND ORDER FOR MEDIATION

---

NOTICE IS HEREBY GIVEN that a Case Management Conference will be held with the Honorable **BRYAN E ROUND** on **14-AUG-2017** in **DIVISION 8** at **08:30 AM**. All Applications for Continuance of a Case Management Conference should be filed on or before Wednesday of the week prior to the case management setting. Applications for Continuance of a Case Management Conference shall comply with Supreme Court Rule and 16th Cir. R. 34.1. Continuance of a Case Management Conference will only be granted for good cause shown because it is the desire of the Court to meet with counsel and parties in all cases within the first 4 months that a case has been on file. All counsel and parties are directed to check Case.NET on the 16th Judicial Circuit web site at www.16thcircuit.org after filing an application for continuance to determine whether or not it has been granted.

A lead attorney of record must be designated for each party as required by Local Rule 3.5.1. A separate pleading designating the lead attorney of record shall be filed by each party as described in Local Rule 3.5.2. The parties are advised that if they do not file a separate pleading designating lead counsel, even in situations where there is only one attorney representing the party, JIS will not be updated by civil records department, and copies of orders will be sent to the address currently shown in JIS. Civil Records does not update attorney information from answers or other pleadings. The Designation of Lead Attorney pleading shall contain the name of lead counsel, firm name, mailing address, phone number, FAX number and E-mail address of the attorney who is lead counsel.

At the Case Management Conference, counsel should be prepared to address at least the following:

    a.     A trial setting;

    b.     Expert Witness Disclosure Cutoff Date;

    c.     A schedule for the orderly preparation of the case for trial;

    d.     Any issues which require input or action by the Court;

    e.     The status of settlement negotiations.

Case 4:17-cv-00442-HFS    Document 1-1    Filed 05/31/17    Page 17 of 27

## MEDIATION

The parties are ordered to participate in mediation pursuant to Supreme Court Rule 17. Mediation shall be completed within 10 months after the date the case if filed for complex cases, and 6 months after the date the case is filed for other circuit cases, unless otherwise ordered by the Court. Each party shall personally appear at the mediation and participate in the process. In the event a party does not have the authority to enter into a settlement, then a representative of the entity that does have actual authority to enter into a settlement on behalf of the party shall also personally attend the mediations with the party.

The parties shall confer and select a mutually agreeable person to act as mediator in this case. If the parties are unable to agree on a mediator the court will appoint a mediator at the Case Management Conference.

Each party shall pay their respective pro-rata cost of the mediation directly to the mediator.

## POLICIES/PROCEDURES

Please refer to the Court's web page www.16thcircuit.org for division policies and procedural information listed by each judge.

### /S/ BRYAN E ROUND
BRYAN E ROUND, **Circuit Judge**

### Certificate of Service

This is to certify that a copy of the foregoing was mailed postage pre-paid or hand delivered to the plaintiff with the delivery of the file-stamped copy of the petition. It is further certified that a copy of the foregoing will be served with the summons on each defendant named in this action.

Attorney for Plaintiff(s):
CHARLES JASON BROWN, BROWN & ASSOCIATES LLC, 301 S US 169 HWY, GOWER, MO 64454

Defendant(s):
AEROCARE HOLDINGS, INC.

Dated: 28-APR-2017

MARY A. MARQUEZ
Court Administrator

Case 4:17-cv-00442-HFS    Document 1-1    Filed 05/31/17    Page 18 of 27

Electronically Filed - Jackson - Kansas City - April 27, 2017 - 03:15 PM

IN THE CIRCUIT COURT OF JACKSON COUNTY
AT KANSAS CITY, MISSOURI

CARLA RAWLINGS,                          )
     Plaintiff,                        )
VS.                                      )          Case No.:
                                         )
AEROCARE HOLDINGS, INC.                  )          Division No.:
     Defendant.                        )

**ORDER FOR APPOINTMENT OF PRIVATE PROCESS SERVER**

It is hereby ordered that Plaintiff's Motion for Appointment of Private Process Server is

sustained and the above named individuals are hereby appointed to serve process in the above captioned

matter.

DATE: _____28-Apr-2017_____

_Patricia A. McIntosh_
DEPUTY CLERK ADMINISTRATOR



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>BRYAN E ROUND | Case Number: 1716-CV09630 |
|---|---|
| Plaintiff/Petitioner:<br>CARLA RAWLINGS | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>BROWN & ASSOCIATES LLC<br>301 S US 169 HWY<br>GOWER, MO 64454 |
| vs. | |
| Defendant/Respondent:<br>AEROCARE HOLDINGS, INC.<br>Nature of Suit:<br>CC Other Miscellaneous Actions | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106<br>(Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: AEROCARE HOLDINGS, INC.
Alias:

C/O JOSEPH P. RUSSELL
3325 BARTLETT BLVD.
ORLANDO, FL 32811

### PRIVATE PROCESS SERVER

COURT SEAL OF

JACKSON COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

_28-APR-2017_
Date                                           Clerk

Further Information:

---

### Sheriff's or Server's Return

**Note to serving officer:** Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                    _____
Printed Name of Sheriff or Server               Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
_(Seal)_           Subscribed and sworn to before me on _____ (date).

My commission expires: _____          _____
                                           Date                         Notary Public

---

| Sheriff's Fees | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $____10.00____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| Total | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* **Document Id # 17-SMCC-4425** 1 of 1Civil Procedure Form No. 1, Rules 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:17-cv-00442-HFS     Document 1-1     Filed 05/31/17     Page 20 of 27

# SUMMONS/GARNISHMENT SERVICE PACKETS
## ATTORNEY INFORMATION

Under the Missouri e-filing system now utilized by the 16th Judicial Circuit Court, once a case has been accepted for filing, a clerk prepares the necessary documents for service. The summons/garnishment is sent to the attorney by an e-mail containing a link so that the filer may print and deliver the summons/garnishment, pleadings and any other necessary documents to the person designated to serve the documents.

Pursuant to State statutes, Supreme Court Rules and Local Court Rules, attorneys are required to print, attach and serve specific documents with certain types of Petitions and other filings.

Please refer to the Court's website for instructions on how to assemble the service packets at:

16thcircuit.org → Electronic Filing Information → Required Documents for Service – eFiled cases → Summons/Garnishment Service Packet Information.

Please review this information periodically, as revisions are frequently made.   Thank you.


Circuit Court of Jackson County

Electronically Filed - Jackson - Kansas City - May 09, 2017 - 01:52 PM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                    **Circuit Court**

Case Number: 1716-CV09630

Plaintiff/Petitioner:
**CARLA RAWLINGS**
vs.
Defendant/Respondent:
**AEROCARE HOLDINGS, INC.**

Received by HPS Process Service & Investigations to be served on **Aerocare Holdings, Inc., c/o Registered Agent: Joseph P. Russell, 3325 Bartlett Boulevard, Orlando, FL 32811.** I, _Travis J. Foster_, being duly sworn, depose and say that on the _2nd_ day of _May_, 20_17_ at _11_ : _47_ a.m., executed service by delivering a true copy of the Summons in Civil Case; and Complaint in accordance with state statutes in the manner marked below:

( ) REGISTERED AGENT SERVICE: By serving _____
as _____ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

X CORPORATE SERVICE: By serving _Scott Bogan_
as _Controller_ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

**COMMENTS:** _____
_____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _3_ day
of _May_, _2013_ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _0198_
Appointed in accordance with State Statutes

**DESIREE GARCIA**
MY COMMISSION # FF 027074
EXPIRES: June 13, 2017
Bonded Thru Budget Notary Services

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: 2017006957

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2d



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| Judge or Division:<br>BRYAN E ROUND | Case Number: 1716-CV09630 |
|---|---|
| Plaintiff/Petitioner:<br>CARLA RAWLINGS | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>BROWN & ASSOCIATES LLC<br>301 S US 169 HWY<br>GOWER, MO 64454 |
| vs. | |
| Defendant/Respondent:<br>AEROCARE HOLDINGS, INC. | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: AEROCARE HOLDINGS, INC.

Alias:

C/O JOSEPH P. RUSSELL
3325 BARTLETT BLVD.
ORLANDO, FL 32811

# PRIVATE PROCESS SERVER

*COURT SEAL OF*

*JACKSON COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

28-APR-2017
Date

_____
Clerk

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

Scott Bagan (name) Controller (title).

☐ other _____

Served at 3325 Bartlett Blvd. Orlando, FL 32811 (address)

in Orange Co. FL (County/City of St. Louis), MO, on 5/2/2017 (date) at 11:47 am (time).

Travis J. Foster
Printed Name of Sheriff or Server

_____
Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

DESIREE GARCIA
MY COMMISSION # FF 027674
EXPIRES: June 13, 2017
Bonded Thru Budget Notary Services

Subscribed and sworn to before me on May 3, 2017 (date)

My commission expires: 6/13/17
Date

_____
Notary Public

### Sheriff's Fees

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $ 10.00 |
| Mileage | $_____ (_____ miles @ $_____ per mile) |
| **Total** | $_____ |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

OSCA (2-2017) SM30 (JAKSMCC) *For Court Use Only:* Document Id # 17-SMCC-4425  1 of 1 Civil Procedure Form No. 1, Rules 54.01 – 54.05,<br>54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Case 4:17-cv-00442-HFS    Document 1-1    Filed 05/31/17    Page 23 of 27

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:   JAYSON WATKINS, Attorney for Plaintiff
SERVICE EMAIL:   watkins@brownandwatkins.com

Electronically Filed - Jackson - Kansas City - May 09, 2017 - 01:52 PM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Jackson**                    **Circuit Court**

Case Number: 1716-CV09630

Plaintiff/Petitioner:
**CARLA RAWLINGS**
vs.
Defendant/Respondent:
**AEROCARE HOLDINGS, INC.**

Received by HPS Process Service & Investigations to be served on **Aerocare Holdings, Inc., c/o Registered Agent: Joseph P. Russell, 3325 Bartlett Boulevard, Orlando, FL 32811.** I, _Travis J. Foster_, being duly sworn, depose and say that on the _2nd_ day of _May_, 2017 at _11_ : _47_ a.m., executed service by delivering a true copy of the Summons in Civil Case; and Complaint in accordance with state statutes in the manner marked below:

( ) REGISTERED AGENT SERVICE: By serving _____
as _____ for the above-named entity.

( ) RECORDS CUSTODIAN SERVICE: By serving _____
as _____ for the above-named entity.

(X) CORPORATE SERVICE: By serving _Scott Bogan_
as _Controller_ for the above-named entity.

( ) OTHER SERVICE: As described in the Comments below.

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

Subscribed and Sworn to before me on the _3_ day
of _May_, _2017_ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _0198_
Appointed in accordance with State Statutes

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

DESIREE GARCIA
MY COMMISSION # FF 027074
EXPIRES: June 13, 2017
Bonded Thru Budget Notary Services

Our Job Serial Number: 2017006957

Copyright © 1992-2017 Database Services, Inc. - Process Server's Toolbox V7.2d



IN THE 16TH JUDICIAL CIRCUIT COURT, JACKSON COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>BRYAN E ROUND | Case Number: 1716-CV09630 |
| Plaintiff's/Petitioner:<br>CARLA RAWLINGS<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>CHARLES JASON BROWN<br>BROWN & ASSOCIATES LLC<br>301 S US 169 HWY<br>GOWER, MO 64454 |
| Defendant/Respondent:<br>AEROCARE HOLDINGS, INC. | Court Address:<br>415 E 12th<br>KANSAS CITY, MO 64106 |
| Nature of Suit:<br>CC Other Miscellaneous Actions | |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: AEROCARE HOLDINGS, INC.
Alias:

C/O JOSEPH P. RUSSELL
3325 BARTLETT BLVD.
ORLANDO, FL 32811

**PRIVATE PROCESS SERVER**

*COURT SEAL OF*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

28-APR-2017
Date

_____ Clerk

*JACKSON COUNTY*

Further Information:

---

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.

☑ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

Scott Bogan (name) Controller (title).

☐ other _____

Served at 3325 Bartlett Blvd. Orlando, FL 32811 (address)

in Orange Co. FL (County/City of St. Louis), MO, on 5/2/2017 (date) at 11:47 am (time).

Travis J. Foster
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

DESIREE GARCIA
MY COMMISSION # FF 027634
EXPIRES: June 13, 2017
Bonded Thru Budget Notary Services

Subscribed and sworn to before me on May 3, 2017 (date)

My commission expires: 6/13/17
Date                    Notary Public

---

### Sheriff's Fees

| | | |
|---|---|---|
| Summons | $ _____ | |
| Non Est | $ _____ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ _____ | ( _____ miles @ $ _____ per mile) |
| Total | $ _____ | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

Based on the Supreme Court Rules governing eFiling, an eService email has been issued to the following parties:


SERVICE PARTY:  JAYSON WATKINS, Attorney for Plaintiff
SERVICE EMAIL:   watkins@brownandwatkins.com

Electronically Filed - Jackson - Kansas City - May 09, 2017 - 01:52 PM